UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LISA RENA MOORE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00987-SEB-DML |
| | ) | |
| CORIZON HEALTH INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DOC DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Lisa Rena Moore, on behalf of decedent Tonya Sue Moore ("Moore"),

Jeremy Eugene Moore, and Natasha Rose Moore (collectively, "Plaintiffs") filed a

Complaint against the Prison's private health care contractor (Corizon Health), seven

employees of the Indiana Women's Prison,[1] five employees of Corizon Health,[2] and four

unknown employees referred to as Jane Doe and John Doe seeking relief based on the

death of Moore, which occurred approximately fourteen months after her incarceration at

the Indiana Women's Prison. Plaintiffs bring their action alleging a violation of the

Eighth Amendment and state-law negligence claims. Corizon Health and its employees

have not filed a motion to dismiss, and the claims against them will not be addressed in

this order.

This cause is now before the Court on a Motion to Dismiss Plaintiffs' complaint

---

[1] Superintendent Steven McCauley, Captain Nicole Wilson, Sergeant David Walker, Sergeant Renee Todd, Officer Robert Redmond, Officer Keith Ray, and Officer John Quenzer.
[2] Dr. Merlyn Malola, Dr. Timothy P. Barth, Dr. William Jones, Nurse Keisha Hamer, and Nurse Jennie L. Mauck.

for failure to state a claim filed by Defendants McCauley, Walker, Wilson, Todd, Redmond, Ray, and Quenzer (collectively, "DOC Defendants") on May 30, 2017, pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 34.] For the reasons detailed in this order, we <u>GRANT</u> Defendants' Motion to Dismiss.

## Factual Background and Procedural History

In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we draw all reasonable inferences from those facts in the light most favorable to the non-movant. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). As such, Plaintiffs pleaded the following facts in their complaint which are considered to be true for this purposes of this motion. Moore was incarcerated on February 13, 2014,[3] and subsequently passed away on April 12, 2015, while still incarcerated. [Dkt. 1 ¶¶ 26–27.] During this period, Moore submitted approximately thirty "Health Care Slips" for treatment of unknown illnesses causing her "back pain, shortness of breath, weakness, trouble walking any distance," and a sixty-five pound weight loss. [*Id.* ¶¶ 29–31.] Plaintiffs did not plead specific facts regarding the extent of the medical treatment Moore received or did not receive in response to these "Health Care Sips."

Approximately a week before Moore's death, she "became lightheaded in a shower stall and collapsed"; Moore was transferred to the medical care unit by an unknown prison nurse. [*Id.* ¶ 32.] On April 10, 2015, an unknown inmate reported to a nurse that Moore was in excruciating pain and was in urgent need of medical care. [*Id.* ¶

---

[3] The reason for Moore's incarceration was not stated by Plaintiffs.

33.]

On April 11, 2015, Moore was semiconscious in her cell when Defendant Todd entered and called for medical assistance. [*Id.* ¶ 34.] During this interaction, Defendant Todd made comments about the seriousness of Moore's condition, such as "it's just Tonya Moore; she [*sic*] just in pain." [*Id.*] Following the call for medical assistance, unknown medical personnel came and took Moore to the medical unit by wheelchair. [*Id.* ¶ 35.] Plaintiffs do not allege what occurred while Moore was in the medical unit. Moore was returned to her cell shortly thereafter and was left in her cell without the ability to sit up and after having vomited the medication[4] she was given. [*Id.*] Defendant Todd threatened other inmates by telling them that they would be given a conduct report if they assisted Moore in any way. [*Id.* ¶ 36.] Despite the threat, two fellow inmates assisted Moore and did, indeed, receive Defendant Todd's threatened conduct reports. [*Id.*]

During the night of April 11, 2015, unknown inmates reported that they heard Moore moaning for help. [*Id.* ¶ 37.] One inmate continually pushed the call button in her cell to alert prison officials of Moore's medical necessity, but no prison staff came to assist Moore. [*Id.* ¶ 39.] One inmate was so concerned that she called Moore's father to inform him of his daughter's medical needs and to suggest that he employ private medical assistance. [*Id.* ¶ 38.]

At approximately 11:30 a.m. on April 12, 2015, Defendant Walker observed Moore in her cell and called medical personnel because Moore appeared "very pale, in

---

[4] Plaintiffs do not identify what medication Moore was given during her stay at the medical unit.

severe pain and could not sit up." [*Id.* ¶ 41.] When medical assistance arrived, Moore exhibited no blood pressure, no measurable oxygen levels, appeared very pale, and could not move from the fetal position. [*Id.*] At this time, emergency services were called, and Moore left the prison by ambulance. [*Id.*] Later that day, Moore died from septic shock, cardiac arrest, and complications from undiagnosed lung cancer. [*Id.* ¶ 42.] Plaintiffs do not allege any fact regarding the involvement of Defendants McCauley, Wilson, Redmond, Ray, and Quenzer with Moore or her medical treatment.[5]

Plaintiffs filed a four-count complaint seeking relief for Moore's death. [Dkt. 1.] Count I of Plaintiffs' complaint alleges a violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983. [*Id.* at 12–15.] Count II of Plaintiff's Complaint alleges a state-law gross negligence claim. [*Id.* at 15–17.] Count III of Plaintiff's Complaint alleges a claim under the Indiana General Wrongful Death Statute. [*Id.* at 17–18.] Lastly, Count IV of Plaintiffs' complaint alleges a claim under the Indiana Adult Wrongful Death Statute. [*Id.* at 18–20.]

DOC Defendants argue that Plaintiffs' complaint fails to state a plausible claim upon which relief could be granted against any of them. In support, DOC Defendants contend that: (1) Plaintiffs' Section 1983 claim does not include sufficient facts to show personal or direct involvement by any of the DOC Defendants [Dkt. 34 ¶ 2] and that Plaintiffs' Section 1988 request is improperly listed as a separate claim for relief [*id.* ¶ 4];

---

[5] Plaintiffs did include several conclusions regarding the involvement of Defendants McCauley, Wilson, Redmond, Ray, and Quenzer by referring to the Defendants collectively. [Dkt. 1 ¶¶ 21, 22, 41, 42, 46–52, 56–58, 61, 62, 64–68, 77, 78, 81, 84, 87, 88.]

(2) Plaintiffs state-law general wrongful death claim cannot be brought against DOC Defendants because they enjoy immunity, or alternatively, Plaintiffs did not plead sufficient facts upon which relief could be granted under the statute [*id.* ¶ 5]; and (3) Plaintiffs' state-law adult wrongful death claim fails to state a claim because Moore is not an "adult person" within the meaning of the Indiana Adult Wrongful Death Statute [*Id.*].

In response to DOC Defendants' Motion to Dismiss, Plaintiffs concede the following claims should be dismissed: (1) any claim found in Count I of the complaint against DOC Defendants in their official capacity [Dkt. 42 ¶ 2]; (2) any claim in Counts I through IV against those prison and healthcare providers referred to as John Doe and Jane Doe [*id.* ¶ 4]; and (3) any claim found in Count II against DOC Defendants [*id.* ¶ 6]. We accept that concession and order these claims dismissed with prejudice. No further discussion of them will ensue. We address Defendants' remaining arguments in turn below.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Seventh Circuit law, "[t]o survive a motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arnett v. Webster,* 658 F.3d 742, 751–52 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy Rule 8 or withstand a Rule 12(b)(6) motion. *Iqbal*, 129 S. Ct. at 1949. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Arnett*, 658 F.3d at 752 (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008)).

This standard does not require, however, that a plaintiff plead a *probable* cause of action. *Arnett*, 658 F. 3d at 752. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A party moving to dismiss bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546.

If Plaintiffs have failed to plead sufficient facts to state a claim of relief that is plausible on its face, the court should grant the motion to dismiss. *See, e.g.*, *Arnett*, 658 F.3d 742. When a district court grants a motion to dismiss an original complaint, the plaintiff no longer has a right to amend her complaint. *See* Fed. R. Civ. P. 15(a)(1). However, under Federal Rule of Civil Procedure 15, a court should freely grant leave to a plaintiff to amend her complaint "when justice so requires," Fed. R. Civ. P. 15(2), and the "liberal amendment policy embodied in Rule 15 continues to govern a court's decision to dismiss a complaint with prejudice," *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015). "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6)

should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). However, where it is clear that the complaint's defect cannot be corrected because any amendment is futile, a court may deny leave to amend and enter an immediate final judgment. *Id.* at 520.

## Legal Analysis

### I. Section 1983 and the Eighth Amendment (Count I)

Count I of Plaintiffs' complaint brings an action under 42 U.S.C. § 1983 alleging a violation of the Eighth Amendment of the Constitution, which has been made applicable to the States through the Fourteenth Amendment.[6] *See, e.g.*, *Robinson v. California*, 370 U.S. 660 (1962); [Dkt. 1 at 12–15.] "To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has

---

[6] Count I also requests attorney fees under 42 U.S.C. § 1988. Section 1988 permits a district court, in its discretion, to award reasonable attorney fees to a prevailing party of a Section 1983 action. 42 U.S.C. § 1988. DOC Defendants argue that "Plaintiffs attempt to separately claim attorney fees" citing an out-of-circuit case for their only support. [Dkt. 35 at 8.] DOC Defendants are correct in that "Section 1988 does not enjoy the independent stature of an 'Act of Congress providing for the protection of civil rights'"; rather, "the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights." *Moor v. Alameda Cty.*, 411 U.S. 693, 702 (1973). However, it is clear from the complaint that Plaintiffs are not advancing a separate claim under Section 1988. Plaintiffs are asserting that only if they prevail in their Section 1983 claim, are they entitled to seek attorneys' fees at the Court discretion as authorized in Section 1988. [Dkt. 43 at 10–11.] We agree. Therefore, we <u>DENY</u> Defendants' Motion to Dismiss with regard to Defendants' request to strike attorney's fee request.

deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state[7] or territorial law." *Jacobs v. City of Chicago*, 215 F.3d 758, 774–75 (7th Cir. 2000) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

In this case, Plaintiffs allege that DOC Defendants violated Moore's rights under the Eighth Amendment, which bars the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment protects inmates against punishments that "involve the unnecessary and wanton infliction of pain," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (internal citations omitted), and obligates the government "to provide medical care for those whom it is punishing by incarceration." *Id.* This protects inmates "against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle*, 429 U.S. at 103). It is well settled that the "'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment includes a prohibition on deliberate indifference to the serious medical needs of prisoners." *Orlowski v. Milwaukee Cty.*, 872 F.3d 417, 423 (7th Cir. 2017) (quoting *Estelle*, 429 U.S. at 104).

Accordingly, a government officer may be held individually liable under Section 1983 if he exhibits "deliberate indifference to serious medical needs" of an inmate. *Rodriquez*, 577 F.3d at 828. However, mere negligence in the provision of medical care

---

[7] It is alleged within the complaint, and neither party contests, that DOC Defendants were acting under color of state law at all times relevant to Plaintiffs' complaint. [Dkt. 1 ¶ 78.]

is not a constitutional violation. *Id.* at 829. A plaintiff must show both: "(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Id.* (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)).

### A. Objectively Serious Medical Condition

Under the first prong of the Eighth Amendment test, an objectively serious medical condition "is one that 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 301 (7th Cir. 2010) (quoting *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008)).

There are facts alleged here that plausibly support the conclusion that Moore had an objectively serious medical condition. Moore, on several occasions, was brought to a medical unit after inmates or prison employees called for medical care. [Dkt. 1 ¶¶ 32, 34, 41.] Similarly, Moore exhibited outward, obvious symptoms, such as vomiting [*id.* ¶ 35]; collapsing in a shower stall [*id.* ¶ 32]; reporting back pain, shortness of breath, weakness, trouble walking any distance, and a sixty-five pound weight loss [*id.* ¶¶ 29–31]; appearing very pale and in severe pain, and lacking the ability to sit up [*id*. ¶ 41]. These symptoms were so obvious that even other inmates (laypersons) recognized her need for medical assistance by reporting Moore's condition to a nurse [*id.* ¶ 33]; continually pushing a call button to get Moore medical assistance [*id.* ¶ 39]; and calling Moore's father to suggest that he pursue private medical assistance [*id.* ¶ 38].

Because Plaintiffs sufficiently pleaded that Moore had an objectively serious

medical condition, we must now determine whether Plaintiffs sufficiently pleaded that the individual DOC Defendants were deliberately indifferent to that condition.

### B.    Deliberate Indifference to Serious Medical Needs

To satisfy the second, subjective prong of the Eighth Amendment test, a plaintiff must demonstrate that the individual defendant "intentionally disregarded the known risk to inmate health or safety." *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006) (internal citations omitted).  In other words, the officials "must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and 'must also draw the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

### 1.    Defendants McCauley, Wilson, Redmond, Ray, and Quenzer

Plaintiffs fail to provide specific factual allegations against Defendants McCauley, Wilson, Redmond, Ray, and Quenzer. The only places within the complaint where these Defendants are individually mentioned are paragraphs twelve and sixteen, which respectively state:

> Steven McCauley, at all times relevant, was the Superintendent of the Indiana Women's Prison located at 2596 Girls School Road, Indianapolis, Indiana 46214 and was directly responsible for the administration of the prison.

[Dkt. 1 ¶ 12], and

> Capitan Nicole Wilson . . . Officer Robert Redmond, Officer Keith Ray, [and] Officer John Quenzer . . . , were at all times relevant hereto residents of Indiana and employed as corrections officers at the Prison. These prison employees were, at times, responsible for the proper care of prisoner, MS. Moore, but failed to properly do so.

[*id.* ¶ 16]. However, these two statements do not constitute factual allegations capable of supporting an Eighth Amendment claim. Plaintiffs contend, instead, that the numerous allegations that reference all Defendants collectively [*id.* ¶¶ 21, 22, 41, 42, 46-52, 56–58, 61, 62, 64–68, 77, 78, 81, 84, 87, 88] are sufficient to plead a claim upon which relief could be granted [Dkt. 43 at 6–7]. All of the collective allegations list elements of the cause of action or are mere conclusory statements, and under the standard set forth in *Iqbal*, cannot be considered, 129 S. Ct. at 1949. Although Plaintiffs specifically point to paragraph sixty-five [Dkt. 43 at 7; Dkt. 1 ¶ 65], this consists merely of another conclusory allegation, which specifically summarizes the Eighth Amendment cause of action. Because this allegation embraces no more than a threadbare recital of the elements of the cause of action and does not list a specific factual allegation against any DOC Defendant, it is insufficient in terms of framing a deliberate indifference claim.

Plaintiffs fail to allege any fact relating to the knowledge or deliberate action or inaction of Defendants McCauley, Wilson, Redmond, Ray, and Quenzer, and therefore, fail to state a claim upon which relief could be granted as to these Defendants. Therefore, we GRANT Defendants' Motion to Dismiss with regard to all Count I claims against Defendants McCauley, Wilson, Redmond, Ray, and Quenzer in their individual capacity and dismiss these claims without prejudice.

### 2.      Defendants Todd and Walker

Plaintiffs fail to sufficiently allege a plausible cause of action against Defendants Todd and Walker as well. It is true that, unlike the DOC Defendants mentioned in the previous section, Plaintiffs allege specific facts involving both of these Defendants.

However, even when given the benefit of every reasonable inference, the facts are not

sufficient to state a plausible claim to relief.

> With regard to Defendant Todd, Plaintiffs allege as follows:

> On April 11, 2015, Ms. Moore was semi-conscious in her unit. Several inmates were banging on the cell door for help. Prison Sergeant Renee Todd entered the cell with handcuffs in her hand. When Sergeant Todd noticed Moore lying on the ground she called a "signal 3000" for medical assistance. Several inmates heard Sergeant Todd state that "it's just Tonya Moore; she [*sic*] just in pain." These comments were followed by laughing from Sergeant Todd.

[*id.* ¶ 34], and

> Sergeant Renee Todd stated to the inmates that they were not to assist Moore in any way or they would receive a conduct report. Two fellow inmates assisted Ms. Moore and received the threatened conduct write-ups from Sergeant Todd.

[*id.* ¶ 36]. According to these allegations, Defendant Todd was aware of Moore's

objectively serious medical condition, evidenced by her interaction with Moore and her

calling for medical assistance. However, the facts alleged fall short of showing that

Defendant Todd was deliberately indifferent to her condition.

First, Defendant Todd's report regarding Moore's condition followed by her

laugher, without more, do not establish that she disregarded a serious risk to Moore's

health. Defendant Todd did indeed call for medical assistance, regardless of her callous

statements or mockery of that condition. There is no fact alleged to show that those

statements or actions in any way impeded Moore's medical care. Had there been some

fact to show that Defendant Todd's callous attitude or insensitivity led to mistreatment or

misdiagnosis, there may be a plausible claim for relief. However, such an inference from

the facts given is less than merely reasonable; it is speculation.

Second, Defendant Todd's threat delivered to other inmates if they helped Moore, again, without more, is not sufficient to show that she disregarded a serious risk to Moore's health. Although Defendant Todd threatened, and executed, conduct reports for inmates who assisted Moore, inmates assisted her anyway. There is no fact alleged to show that Defendant Todd's threat impeded the speed or quality of which Moore received medical treatment. If Defendant Todd's threats delayed the help of other inmates, or prevented multiple inmate who would have helped from doing so, it may be that there is a plausible claim for relief. However, such an inference from the bare facts given in Plaintiffs' complaint would, again, be speculation.

With regard to Defendant Walker, Plaintiffs allege that at approximately 11:30 a.m. on April 12, 2015, Sergeant Walker called medical personnel to Moore's unit "because Moore appeared 'very pale, in severe pain and could not sit up.'" [*Id.* ¶ 41.] Although it is clear that Defendant Walker was aware of Moore's objectively serious medical need, as evidenced by their interaction and his signaling for medical assistance, these facts do not plausibly show Walker's disregarded a serious risk to Moore's health. Even drawing all reasonable inferences from the facts of paragraphs forty and forty-one in Plaintiffs' favor, there is no fact to show that Defendant Walker, prior to entering Moore's cell at 11:30 a.m., was deliberately indifferent to her condition. Walker called for medical assistance as soon as he noticed her condition, and this conduct, by itself, does not permit a plausible inference of deliberate indifference.

Plaintiffs fail to allege a sufficient factual basis to conclude that Defendants Todd

and Walker were deliberately indifferent to Moore's medical needs, and therefore, fail to state a claim upon which relief could be granted. Therefore, we <u>GRANT</u> Defendants' Motion to Dismiss with regard to all Count I claims against Defendants Todd and Walker in their individual capacity. We therefore dismiss these claims without prejudice.

## II.     State-Law Negligence Claims (Count III & VI)

Counts III and IV of Plaintiffs' complaint allege state-law negligence claims resulting in death, actionable under the Indiana Wrongful Death Statutes, Ind. Code §§ 34-23-1-1, 34-263-1-2. [Dkt. 1 at 17–20.] The Indiana Wrongful Death Statutes created a personal injury cause of action that would otherwise, at common law, have been extinguished upon the injured party's death. *Sears v. Griffin*, 771 N.E.2d 1136, 1138 (Ind. 2002). Under the General Wrongful Death Statute,

> [w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission.

Ind. Code § 34-23-1-1. In order to prevail on a claim under the General Wrongful Death Statute, Plaintiffs must prove all elements of a wrongful death claim, which are: (1) a duty owed by the defendant to the decedent, (2) breach of that duty, and (3) an injury proximately caused by the breach. *Greathouse v. Armstrong*, 616 N.E.2d 364, 368 (Ind. 1993).

DOC Defendants contend that any inclusion of them within Count III or Count IV must be dismissed because Plaintiffs have failed to allege sufficient facts to state a claim. [Dkt. 35 at 10.] Alternatively, DOC Defendants argue that even if Plaintiffs have

sufficiently pleaded negligence, DOC Defendants enjoy immunity under the Indiana Tort Claims Act ("ITCA"). [*Id.* at 8–9.] We address these arguments in turn below.

### A. Cause of Action

In Count III, Plaintiffs' bring a claim under the General Wrongful Death Statute ("GWDS"). In Count IV, Plaintiffs bring a claim under the Adult Wrongful Death Statute ("AWDS"). Ind. Code § 34-23-1-2. In order to be considered an "adult person" under the AWDS, one must be "an unmarried individual: (1) who does not have any dependents; and (2) who is not a child (as defined in IC 34-23-2-1)."

DOC Defendants argue that Plaintiffs' Count IV claim under the AWDS must be dismissed because Moore was not an "adult person" under the statute [Dkt. 34 at 11–13]; Plaintiffs allege twice within their complaint that Plaintiff Natasha Rose Moore was the dependent child of Moore. [Dkt 1 ¶ 9, 80.] Plaintiffs respond by stating that they are permitted to plead in the alternative and should be allowed to plead under both the AWDS and the GWDS. [Dkt. 43 at 13–14.] We agree with DOC Defendants.

Plaintiffs have pleaded themselves out of court on their AWDS claim. Seventh Circuit case law recognizes that "a party may plead itself out of court by . . . including factual allegations that establish an impenetrable defense to its claims." *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006). Although the Plaintiffs are correct in arguing that they are permitted to plead in the alternative and put forth *legally inconsistent* theories, they cannot put forth *factually inconsistent* theories. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). A plaintiff will plead herself out of court when "it would be necessary to contradict the complaint in order to prevail on the

merits." *Id.* (internal citations omitted). In this case, in order for Plaintiffs to prevail on the merits of their claim under the AWDS, they must necessarily contradict paragraphs nine and eighty of their complaint.

Therefore, we <u>GRANT</u> Defendants' Motion to Dismiss with regards to any Count IV claim against DOC Defendants with prejudice as any amendment with be futile. We will analyze the rest of Plaintiffs' state-law negligence claims under the GWDS.

**B.    Failure to Plead Sufficient Facts**

**1.    Defendants McCauley, Wilson, Redmond, Ray, and Quenzer**

Plaintiffs have failed to state a claim upon which relief can be granted against Defendants McCauley, Wilson, Redmond, Ray, and Quenzer under this statute. As previously discussed, Plaintiffs have failed to assert any factual allegation involving Defendants McCauley, Wilson, Redmond, Ray, and Quenzer. The numerous allegations that reference all Defendants collectively, the threadbare recitals of elements, and the conclusory assertions are not sufficient to give rise to a plausible claim upon which relief could be granted for the same reasons as set forth in the Section 1983 claim analysis against these Defendants.

**2.    Defendants Todd and Walker**

Plaintiffs have also failed to sufficiently plead a claim upon which relief could be granted against Defendants Todd and Walker. Plaintiffs allege sufficient facts, along with reasonable inferences, to support a conclusion that Defendants Todd and Walker owed a legal duty to Moore. They were working within their employment with the Indiana Women's Prison when they interacted with Moore, and as Plaintiffs alleged, "were, at

16

times, responsible for the care of prisoner" Moore. [Dkt. 1 ¶ 16.]

However, Plaintiffs failed to plead sufficient facts, even with all reasonable inferences drawn in their favor, to show that Defendants Todd and Walker breached their duty of care to Moore. When Defendants encountered Moore in a visibly ill state, they both immediately called or signaled for medical assistance. [*Id.* ¶¶ 34, 36, 40.] There is no fact showing that they negligently delayed a call for medical assistance or treated Moore negligently, contributing to or resulting in her death. Plaintiffs do include a conclusory allegation that the Defendants' actions caused the death of Ms. Moore. [*Id.* ¶ 41.] Again, however, under *Iqbal*, we do not consider such an allegation.

Plaintiffs fail to allege a sufficient factual basis supporting that Defendants Todd and Walker breached their duty of care or caused the death of Moore and, therefore, fail to state a claim upon which relief could be granted.

## C. Governmental Immunity under the ITCA

A complaint need not allege responses to all possible defenses, and it need not "anticipate affirmative defenses in order to survive a motion to dismiss." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). However, an exception to this general rule applies where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense . . . ." *Id.* When the allegations of the complaint satisfy all the elements of an affirmative defense, the complaint can be dismissed. *Id.*

The immunity provided by the Indiana Tort Claim Act is one such affirmative defense. *See Oshinksi v. N. Ind. Commuter Transp. Dist.*, 843 N.E.2d 536, 538–39 (Ind.

Ct. App. 2006). "A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). Therefore, the ITCA immunizes individual government employees from personal liability for tortious acts occurring within the scope of their employment, Ind. Code § 34-13-3-5(b), (c), but the ITCA's immunity is not absolute and excepts conduct that is "criminal, clearly outside the scope of . . . employment; malicious; willful; and wanton; or calculated to benefit [the individual]." Ind. Code § 34-13-3-5(c).

Plaintiffs allege that "Defendants, jointly and severally, were acting within the scope of their employment at all times relevant to [Plaintiffs'] complaint." [Dkt. 1 ¶ 78.] Therefore, this action against the DOC Defendants is barred, Ind. Code § 34-13-3-5(b), unless the Plaintiffs sufficiently allege an act or omission by the DOC Defendants that would bring them outside the scope of immunity. Ind. Code § 34-13-3-5(c).

Plaintiffs contend that the acts of DOC Defendants were outside the scope of immunity because their actions were "malicious or willful and wanton." [Dkt. 43 at 12.] Plaintiffs' complaint characterizes the DOC Defendants' behavior, collectively, as willful or wanton on several occasions. [Dkt. 1 ¶¶ 22, 35, 38, 48, 57, 71.] Plaintiffs also characterize the DOC Defendants behavior, again collectively, as "wanton disregard," [*id.* ¶ 46] "deliberate indifference," [*id.* ¶ 48] and as acts done "knowingly, wantonly, deliberately, indifferently, intentionally, maliciously, and with gross negligence, callousness and with reckless indifference to Moore's wellbeing" [*id.* ¶ 57]. These general assertions again cannot be considered as such, requiring us to examine the

Plaintiffs' complaint to see if there are sufficient facts alleged to support that the DOC Defendants were acting maliciously, willfully, or wantonly.

### 1.     Defendants McCauley, Wilson, Redmond, Ray, and Quenzer

Plaintiffs fail to allege any specific fact involving Defendants McCauley, Wilson, Redmond, Ray, and Quenzer that would tend to show that their actions had been malicious, willful, or wanton. As previously stated, the only place within the complaint where these Defendants are individually named is paragraphs twelve and sixteen. [Dkt. 1 ¶¶ 12, 16.] However, these are background allegations and thus are not sufficient to state a claim that these Defendants were acting outside the scope of immunity. Plaintiffs once again contend that the numerous allegations that reference all Defendants collectively are enough to show that Defendants McCauley, Wilson, Redmond, Ray, and Quenzer acted maliciously, willfully, or wantonly. [Dkt. 43 at 6–7.] However, as discussed in previous sections, conclusory allegations cannot be considered.

Because there is no factual allegation to show that Defendants McCauley, Wilson, Redmond, Ray, and Quenzer were acting outside the scope of immunity under the ITCA, Plaintiffs' complaint "sets forth everything necessary to satisfy the affirmative defense," *Lewis*, 411 F.3d at 842, of governmental immunity. Therefore, such a claim against Defendants McCauley, Wilson, Redmond, Ray, and Quenzer is barred under Indiana Code Section 34-13-3-5(b).

Because Plaintiffs failed to sufficiently allege facts upon which relief could be granted and failed to plead facts sufficient to show that Defendants McCauley, Wilson,

19

Redmond, Ray, and Quenzer were acting outside the scope of immunity under the ITCA, Plaintiffs fail to state a tort claim upon which relief can be granted. Therefore, we GRANT Defendants' Motion to Dismiss with regards to all Count III claims against Defendants McCauley, Wilson, Redmond, Ray, and Quenzer, and we dismiss these claims without prejudice.

### 2.    Defendants Todd and Walker

Plaintiffs have also failed to sufficiently plead that Defendants Todd and Walker were acting outside the scope of governmental immunity under the ITCA. Plaintiffs' complaint, for reasons similar to those given in the Section 1983 claim analysis against Defendants Todd and Walker that fails to allege sufficient facts to support that Defendants Todd and Walker acted willfully or wantonly. Plaintiffs allege specific factual instances when Defendants Todd and Walker interacted with Moore and classified such interactions as "willful and/or wanton" [Dkt. 1 ¶ 34], "grossly inadequate and repulsive" [*id.* ¶ 36], and alleged that the interactions "resulted in additional injury, suffering, and the death of Moore" [*id.* ¶ 41]. However, such conclusory allegations escape our consideration. The facts alleged against Defendants Todd and Walker, without more, do not support an inference that they willfully or wantonly acted against the better interest of Moore. Defendants Todd and Walker, as stated, called for medical attention during the only pleaded interactions with Moore, without undue delay.

Because there is no factual allegation to show that Defendant Todd or Walker was acting outside the scope of immunity, Plaintiffs' complaint "sets forth everything necessary to satisfy the affirmative defense," *Lewis*, 411 F.3d at 842, of governmental

immunity. Therefore, the tort claims against Defendants McCauley, Wilson, Redmond, Ray, and Quenzer are barred under Indiana Code Section 34-13-3-5(b).

Because Plaintiffs failed to sufficiently allege facts upon which relief could be granted and failed to plead facts sufficient to show that Defendants Todd and Walker were acting outside the scope of immunity under the ITCA, Plaintiffs fail to state a claim upon which relief can be granted. Therefore, we <u>GRANT</u> Defendants' Motion to Dismiss with regards to all Count III claims against Defendants Todd and Walker, but we dismiss them without prejudice.

## Conclusion

For the reasons detailed above, we <u>GRANT</u> DOC Defendants' Motion to Dismiss [Dkt. 34].

With regard to (1) any claim in Count I of Plaintiffs' complaint against Defendants McCauley, Wilson, Walker, Todd, Redmond, Ray, and Quenzer in their official capacity; (2) any claim within Counts I through IV of Plaintiffs' complaint against those prison and healthcare providers, whose names are not known, and are referred to as "John Doe" and "Jane Doe"; (3) any claim within Count II of Plaintiffs' complaint against Defendants McCauley, Wilson, Walker, Todd, Redmond, Ray, and Quenzer; and (4) any claim within Count IV of Plaintiffs' complaint against McCauley, Wilson, Walker, Todd, Redmond, Ray, and Quenzer, we <u>GRANT</u> Defendant's Motion to Dismiss and dismiss these claims with prejudice as any amendment would be futile.

With regard to (1) any claim within Count I of Plaintiffs' complaint against Defendants McCauley, Wilson, Redmond, Ray, Todd, Walker and Quenzer in their

individual capacity; and (2) any claim within Count III of Plaintiffs' complaint against Defendants McCauley, Wilson, Redmond, Ray, Todd, Walker, and Quenzer, we <u>GRANT</u> Defendant's Motion to Dismiss and dismiss these claims without prejudice. Plaintiffs are allowed thirty (30) days from the date of this order within which to file an amended complaint to replead any claims that are dismissed herein without prejudice, if they so choose.

IT IS SO ORDERED.

Date: _____3/28/2018_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF